Cox and wife, &c. *vs* Combs. CASE.

ERROR TO THE PERRY CIRCUIT. *Case* 61.

*Divorces. Marriage.*

JUDGE BRECK delivered the opinion of the Court. *January* 22.

IN April, 1834, by a decree of the Perry Circuit Case stated. Court, Sarah Johnson was divorced from her husband, Randal Johnson, and as to her the marriage contract set aside and dissolved. The abandonment by the husband constituted the offence or cause, for which the divorce was granted.

Some three or four months after the rendition of this decree, and while Randal Johnson was still living, the said Sarah married Jeremiah Combs. The validity of that marriage arises in this case, and is the only question necessary to notice.

The sixth section of the act of 1809, regulating divorces in this Commonwealth, (1 *Stat. Law*, 123,) provides:

"That if there shall, on hearing, appear to be just cause for a divorce within the provisions of this act, according to the sound construction thereof, the Court shall pronounce a decree declaring the complainant divorced from his or her husband or wife; but such decree shall not operate so as to release the offending party, who shall, nevertheless, remain subject to all the pains and penalties which the law prescribes against a marriage whilst a former husband or wife is living; nor shall it authorize the injured party again to contract matrimony within two years from the time of pronouncing such final decree."

If the last clause in this section was intended to have any effect, as we are bound to presume it was, it must have been to incapacitate the divorced party from contracting a second marriage within the specified period. The clause immediately preceding, provides that the offending party shall still be restricted as to a second marriage without limitation; and should one be con-

*A marriage by a party divorced, under the act of 1809, (1 Stat. Law, 123,) within two years after the rendition of the decree of divorce, is invalid.*

tracted, subject to the same punishment as if no divorce had been granted.

As to the divorced party, the restriction is limited to two years, and no penalty is imposed for a second marriage within that time.

Both clauses must have been intended, we apprehend, to qualify and limit the effect of the decree. As to the offending party in reference to a second marriage, the decree confers no rights and affords no protection whatever. But as to the divorced party, the decree is not to have the effect to authorize or render valid a second marriage till two years after its rendition.

Our conclusion, therefore, is that the marriage in this case was unauthorized and invalid, and could not be relied upon by the plaintiff, Sarah, as a marriage either *de jure* or *de facto*.

There was no error, therefore, in the instruction to the jury, and the judgment is affirmed.

*Apperson and Fulkerson* for plaintiffs; *H. C. Harris* for defendant.