## MARY A. WILHITE v. E. K. WILHITE.

DIVORCE — *Alimony — Void Marriage.* A decree of divorce was granted by the circuit court of Oregon, divorcing the plaintiff from one White, both of whom resided in Oregon. In less than three months thereafter and within the same state, plaintiff undertook to enter the marriage relation with the defendant, and the ceremony then performed was regular in form and the contract legal, unless the law of that state forbids the plaintiff from marrying another so soon after the decree dissolving the former marriage was granted. Within a month after the second marriage the defendant separated from the plaintiff; and in an action by the plaintiff for alimony it is held that the statutes of Oregon which prohibit a divorced party from contracting marriage with a third person until the expiration of the period allowed to take an appeal from the decree granting the divorce, which is six months, makes the marriage between plaintiff and defendant a nullity and precludes the recovery of alimony.

*Error from Osborne District Court.*

ACTION by *Mary A. Wilhite* against *E. K. Wilhite,* to re-cover $3,000 as alimony for her support, and the further sum of $200 as suit-money.   At the June term, 1887, the cause was tried upon the following agreed statement of facts:

"It is mutually agreed by the parties hereto that there was a ceremony of marriage performed between the parties to this action at Baker City, Oregon, on the 2d day of February, 1884, and that said marriage was legal in all respects, unless the same was void by reason hereinafter stated, and that the plaintiff and defendant lived together as husband and wife for about four weeks after said marriage, when they separated, and have not since said separation lived together or cohabited together as husband and wife; that prior to said marriage be-tween plaintiff and defendant, the said plaintiff had been in-termarried with one Daniel W. White, and that said Daniel W. White had, before the date of said marriage between plain-tiff and defendant, instituted proceedings in the circuit court of Union county, Oregon, to obtain a divorce from plaintiff herein, in which action the plaintiff herein defaulted, and did not answer or appear either in person or by attorney, though personally served with summons, but an appearance therein was made by the district attorney of the 6th district of Oregon (in which district said action was pending) as required by the laws of Oregon in such cases, and that said Daniel W. White obtained a decree of divorce from the plaintiff herein by the consideration of the said circuit court of Oregon on the 20th day of November, 1883, the following being a copy of the journal entry in said cause:

"'Be it remembered, that at a regular term of the circuit court of the state of Oregon for the county of Union, begun and held at the court house in the city of Union, in said county and state, on Monday, the 12th day of November, 1883, the same being the second Monday in said month, and the time fixed by law for holding a regular term of said court, when were present the Honorable John J. Ballerly, judge presid-ing, T. C. Hyde, district attorney, W. T. Wright, clerk, R. J. Rogers, sheriff, when on Tuesday, the 20th day of November, 1883, on the eighth judicial day of said term, among other things the following proceedings were had, to wit:

"'*Daniel W. White v. Mary A. White.*— This cause having been brought on to be heard this 20th day of November, 1883, upon the complaint herein taken as confessed by the defendant, whose default for not an-swering has been duly entered, and upon the answer of the state of Oregon being filed herein, and upon the proofs taken herein, and upon the report of Charler T. Hyde, referee in this case, to whom it was re-

ferred by order of this court duly made the 12th day of November, 1883, to take the proof of the facts set forth in the complaint, and to report the same to the court, and the said referee having taken the testimony by written questions and answers, and reported the same to the court on this 20th day of November, 1883, from which it appears that all the material allegations of the complaint are sustained by testimony free from all legal exceptions as to its competency, admissibility and sufficiency; and it also appearing to said court that the said defendant and T. C. Hyde, the district attorney of the sixth judicial district of Oregon, were duly served with process, and all and singular the law and the premises being by the court here seen, heard, understood, and fully considered: wherefore, it is here ordered, adjudged and decreed, and the court, by virtue of the power and authority herein vested, and in pursuance of the statute in such cases made and provided, does order, adjudge and decree, that the marriage between the said plaintiff, Daniel W. White, and said defendant, Mary A. White, be dissolved and forever held for naught, and the same is hereby dissolved accordingly, and the said parties are and each of them is freed and absolutely released from the bonds of matrimony and all the obligations thereof; and it is further ordered and decreed, that the custody of the minor children of said marriage, to wit, Thomas E. White, aged fifteen years, Rocella V. White, aged eleven years, Edward A. White, aged eight years, and Claudius E. White, aged seven years, be and the same is hereby awarded to the plaintiff.

"'State of Oregon, County of Union, ss.: I, A. T. Neil, county clerk of said Union county, hereby certify that the foregoing transcript has been by me carefully compared with and is a true copy and the whole thereof of the original decree entered in the circuit court of the state of Oregon for Union county, on the 20th day of November, 1883, in the suit wherein Daniel W. White is plaintiff and Mary A. White is defendant, as the same appears in the journal of said court now in my office and in my custody.

"'In witness whereof, I have hereunto set my hand and affixed my official seal, this 18th day of November, 1886.

[Seal.]                                        A. T. Neil, Clerk.
                                        By T. D. Parker, Deputy.'

"And it is further agreed, that the statutes of the state of Oregon, edition of 1874, Laws of 1843–1872 inclusive, issued by the proper authorities of the state of Oregon, and purporting to be the laws of Oregon and accepted as such, are in evidence in this case and every part thereof, in so far as they may affect the validity of said marriage between plaintiff and defendant, or the capability of the plaintiff herein to contract said marriage with this defendant, especial reference being had to the following chapters and sections, copies of which are hereto attached, and herewith submitted — to wit, chapter 5, section 499, of which the following is a copy:

"'A decree declaring a marriage void or dissolved at the suit or claim of either party shall have the effect to terminate such marriage as to both parties, except that neither party shall be capable of contracting marriage with a third person, and if he or she does so contract shall be liable therefor as if such decree had not been given, until the suit has been heard and determined on appeal, and if no appeal be taken, the expiration of the period allowed by this code to take such appeal.'

" Chapter VI, sections 525 and 526, of which the following is a copy:

"'A judgment or decree may be reviewed as prescribed in this title, and not otherwise. . . . Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom. . . . When the party who has the right to appeal, wishes a statement of the case to be annexed to the record of the judgment, decree, or order, he shall, within sixty days after the entry of such judgment or order, prepare such statement, which shall contain the grounds upon which he intends to rely upon the appeal, and so much of the evidence as may be necessary to explain the grounds and no more, and shall serve a copy thereof upon the adverse party. . . . If the party shall omit to make a statement within the time above limited, he shall be deemed to have waived his right thereto.'

" Chapter I, section 92, of which the following is a copy:

"'Every material allegation of the complaint, not specifically controverted by the answer, and every material allegation of new matter in the answer, not specifically controverted by the reply, shall, for the purposes of the action, be taken as true.'

" Chapter XIII, section 946, of which the following is a copy:

"'In any suit for the dissolution of the marriage contract, or to have the same declared void, the state is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced, at least ten days before the term at which the defendant is required to appear and answer. It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein on behalf of the state.'

" Chapter XXXIV, section 2, of which the following is a copy:

"'The following marriages are prohibited:

"'1. When either party thereto had a wife or husband living at the time of such marriage.

"'2. When the parties thereto are nearer of kin to each other than first cousins, whether of the whole or the half blood, computing by the rules of the civil law.

"'3. When either of the parties is a white person and the other a negro, or a person of one-fourth or more of negro blood.'

" Chapter XXXIV, section 3, of which the following is a copy:

"' . . . When the consent of either party shall be obtained by force or fraud, such marriage is voidable, but only at the suit of the party laboring under the disability, or upon whom the force or fraud is practiced.'

" Section 5, chapter 6: 'An appeal to the supreme court shall be taken by serving and filing the notice of appeal within six months from the entry of the judgment or decree appealed from, or to the circuit court within thirty days after such entry, and not otherwise.'"

Upon these facts the court found that the marriage between

the plaintiff and defendant is and always has been null and void, and gave judgment for costs in favor of the defendant. A motion for a new trial was made, and overruled, and the plaintiff brings the case to this court for review.

*Robinson & Lawrence*, for plaintiff in error.

*Hays & Pitts*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The right of the plaintiff to alimony depends upon the validity of the marriage, the ceremony of which was performed between the parties to this action at Baker City, in Oregon, on February 2, 1884. This was the only question passed upon by the district court, and is the only one that we need to consider. The marriage ceremony performed between the parties appears to have been regular in form, and legal, unless the same was prohibited by the laws of Oregon, under which the validity of the marriage must be determined. It seems that the plaintiff was formerly married to Daniel W. White, with whom she lived for many years, and several children were born of that marriage. Upon the application of White, the circuit court of Oregon granted a decree, divorcing him from the plaintiff on account of her fault, and awarding the custody of the children, some of whom were young, to him. This decree was granted on November 20, 1883, and on February 2, 1884, less than three months from the granting of the divorce, she married, or attempted to enter the marriage relation with, the defendant in this action. Within four weeks from this marriage there was a separation, and the reason it occurred, as defendant alleges, is that he then learned that the plaintiff had no legal right to marry him, and that the pretended marriage between them was absolutely null and void. Since that time, they have never lived or cohabited together as husband and wife, and defendant claims that no such relation exists, and hence he resists the claim of the plaintiff for alimony. Under § 499 of the code of Oregon, a decree of divorce declaring the mar-

riage relation dissolved does not absolutely terminate the marriage relation, nor entirely free the parties from its obligations and liabilities. They are prohibited from contracting marriage with a third person until the case is heard and determined on appeal, and if no appeal is taken, until the expiration of the time allowed to take such appeal. Until that time neither of them has any more right to marry a third person than if the decree of divorce had not been rendered. And if either does, he or she will be liable the same as though no divorce had been granted. By the same code, an appeal in such cases is authorized and may be taken within six months from the rendition of the judgment or decree. (Oregon Code, § 527.) These provisions seem to be conclusive against the validity of the marriage upon which the plaintiff rests her claim. She asserts, however, that they do not govern her case, for the reason that she was in default of an answer in the divorce suit, and that a statute of that state precludes an appeal by a party against whom a judgment is given upon confession or for want of answer. (Oregon Code, § 526.) This provision, however, does not relieve her or take her case out of the six-months restriction. The prohibition imposed by § 499 seems to extend to cases and parties where no appeal is taken; and to prevent a decree of divorce from becoming an absolute finality in any case until the time for taking an appeal has expired. It would seem that the decree is not to take effect for six months after it is given, and if an appeal is taken, until it is heard and determined. Then again, there are few if any codes or courts that are so lax as to authorize or permit the giving of a judgment dissolving the marriage relation without evidence or investigation, upon mere default of the defendant to answer the allegations of the plaintiff, or upon the mere consent of the defendant that a divorce shall be granted. The statute of Oregon wisely prescribes that in such cases the state is a party defendant, represented by the district attorney, who must be served with summons and is required to appear and answer. It is made his duty "so far as may be necessary to prevent fraud or collusion in such suit, to control the proceed-

ings on the part of the defense, and in case the defendant does not appear therein or defend against the same in good faith, to make a defense therein on behalf of the state." (Oregon Civil Code, § 946.) Under the statutes referred to, the state, being a party defendant, would be entitled to an appeal, regardless of the action of other parties to the suit; and hence there is the same reason to await the expiration of the time within which an appeal may be taken as though the other defendant had answered. Her silence or consent does not limit the right of the district attorney to prosecute the action to the court of last resort for the prevention of fraud or collusion and for the protection of the interests of the state. The obvious and wise purpose of the statute is to prohibit divorced parties from remarrying with others until the time elapses when the decree divorcing them may be disturbed or reversed by proceedings on appeal. In the divorce proceedings under consideration, the state of Oregon appeared by its district attorney and filed an answer in the cause. A trial was had upon the issues formed, and upon testimony then taken the decree of divorce was granted. If it was conceded, as the plaintiff contends, that the statute did not arbitrarily prohibit either party from contracting marriage with a third person for a period of six months after the decree of divorce is granted, and only applies to cases where an appeal may be taken, still, as the state is a party defendant and may take an appeal, her case clearly comes within the statutory prohibition which renders the subsequent marriage void. In addition to this, we are inclined to think that the reasonable interpretation of § 499 absolutely forbids either of the parties from marrying another in any case until the expiration of six months after the decree of divorce is rendered; and where an appeal is taken, until that is heard and determined. The limitation of the time within which a party appealing may at his option prepare a statement to be attached to the record of the judgment or decree taken up for review does not shorten the time for taking an appeal, nor affect the question before us.

In our view, the marriage contract between the parties to

this action was forbidden by law, and void; and therefore the judgment of the district court denying the plaintiff's claim for alimony is correct, and must be affirmed.

All the Justices concurring.