[No. 546. Decided August 12, 1892.]

*In the Matter of the Estate of Frank E. Smith, Deceased:* LYDIA S. SMITH, *Appellant,* v. W. H. FIFE, *Guardian, etc.*

MARRIAGE OF DIVORCED PERSONS—WHEN INVALID.

Under Code 1881, § 2008, providing that when a divorce is granted neither party shall be capable of contracting marriage with a third person until the time for an appeal shall have expired, a man and woman divorced from wife and husband, respectively, and between whom marriage was solemnized within six months thereafter, are not husband and wife, although living together as such after the period within which they could lawfully contract marriage.

*Appeal from Superior Court, Thurston County.*

*Eddy, Gordon & Agnew,* for appellant.

*Parsons & Corell,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This proceeding is based upon the petition of the appellant for letters of administration upon the estate of Frank E. Smith, deceased, which petition was made by her as his widow. Respondent, as the guardian of the persons and property of Harriet Annie Smith and Mary Frances Smith, minor children of the deceased, opposed the appointment of the petitioner upon the grounds that the deceased and petitioner were never lawfully married to each other. The admitted facts upon which the matter stands are as follows: The deceased had previously been married to another woman, and the children aforesaid are the issue

of this first marriage. On October 6, 1888, his said first wife, Minnie E. Smith, obtained a divorce from him in the district court of Pierce county, in this state, then territory. The petitioner had also been previously married to one McFadden, and on June 6, 1888, she obtained a divorce from him in the territorial district court of Thurston county. The deceased and the petitioner were married October 17, 1888, at Olympia, in Thurston county. Said Minnie E. Smith and said McFadden are both living. It was contended that both the decedent and the petitioner were incapable of contracting marriage within six months from the time of the rendering of the decrees of divorce in said suits, that being the time allowed within which an appeal could have been taken. It is admitted, however, that no appeal was taken in either of these suits. The court below denied letters of administration to the petitioner upon the ground that she was not the widow of the deceased, and she appealed to this court. It is admitted that said parties lived and cohabited as husband and wife until after the time had expired within which an appeal could have been taken in either of those cases. We have lately decided, however, in the case of *In re McLaughlin's Estate, ante*, p. 570, that there could be no common law marriage in this state, and this applies with equal force to the marriage here in controversy, for the territorial statutes then in force upon this subject are similar to the ones now in existence. It is contended by the appellant that the deceased and the petitioner were lawfully married in consequence of the ceremony performed, notwithstanding the fact that the same was performed within the six months aforesaid. Section 2008 of the Code of 1881 declares that the court shall order a full and competent dissolution of the marriage as to both parties in granting divorces, and it provides that—

"Neither party shall be capable of contracting marriage with a third person until the period in which an appeal may

be taken under the provisions of the civil practice act has expired, and, in case an appeal is taken, then neither party shall intermarry with a third person until the cause has been fully determined."

Some difficulty arises in consequence of a seeming conflict between the first part of the section and the provision therein contained. The first part of the section directs that in granting a divorce the court shall order a complete and full dissolution of the marriage as to both parties. The provision, however, if given force, must place some limitation upon this, in that a decree of divorce could not be full and complete if the parties are not allowed to contract marriage with other persons until the time for an appeal shall have expired, or, in case of appeal, until the same shall have been determined. If the provision is to have any force, it seems to us it must limit the preceding part of the section, and the divorce cannot be held to be full and complete until the time mentioned in the provision has expired. It is full and complete for all purposes, excepting neither party shall enter into a marriage with any other person during the time specified, and it must be a limitation upon it in that respect. During this time, for this purpose, the decree of divorce is suspended and inoperative to that extent. The first part of said section, declaring that all divorces shall be full and complete as to both parties, may have been intended to prevent the granting of the partial divorce—*a mensa et thoro*—known to the common law; or, perhaps, to clearly prohibit the granting of divorces which would leave one of them capable of marrying another person than the former spouse and the other incapable of so doing. So construed there is no conflict with the provision prohibiting the parties from marrying as therein specified.

Having decided that there could be no marriage under the common law between these persons, it follows that

their having lived together as husband and wife, subsequent to the time in which an appeal could have been taken in either of said original actions, cannot avail the petitioner anything, for the same did not constitute a marriage. Sec. 2380 declares that marriage is a civil contract, which may be entered into by males of the age of twenty-one years, and females of the age of eighteen years, who are otherwise capable. The provision aforesaid of § 2008 specified that neither party should be capable of contracting marriage with a third person until the time for an appeal had expired. Consequently these parties were incapable of contracting the marriage relation within said time, and, no marriage between them having been solemnized thereafter, it follows that they were never husband and wife as to each other. See *Cox v. Combs*, 8 B. Mon. 231, and *Wilhite v. Wilhite*, 41 Kan. 154. (21 Pac. Rep. 173).

The judgment of the superior court is affirmed.

ANDERS, C. J., and DUNBAR, STILES and HOYT, JJ., concur.