LALA JOHNSON *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 8152)

Submitted April 16, 1935. Decided April 30, 1935.

*Bailey & Shannon,* for appellant.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondents.

MAXWELL, JUDGE:

William Johnson was killed March 27, 1934, in the course of his employment for Yukon-Pocahontas Fuel Company.

The Workmen's Compensation Commissioner refused to make an award to Lala Johnson as dependent widow of the deceased, on the ground that they had never been lawfully married and therefore she is not his widow. She procured this review.

The parties participated in a formal marriage ceremony in Wyoming County, West Virginia, June 26, 1928. She had been residing in that county for many years, but he had recently migrated from the state of Virginia, where his former wife had obtained a divorce from him February 29, 1928. A Virginia statute, in effect at the time of the divorce, reads: "On the dissolution of the bond of matrimony for any cause arising subsequent to the date of the marriage, neither party shall be permitted to marry again for six months from the date of such decree, and such bond of matrimony shall not be deemed to be dissolved as to any marriage subsequent to such decree, or in any prosecution on account thereof, until the expiration of such six months." Virginia Code of 1924, section 5113.

Restriction of remarriage of divorced people causes great confusion, attributable to both variant statutory provisions and conflicting judicial decisions. A general discussion will not here be attempted. Suffice to say that the Virginia statute temporarily banning remarriage of divorcees contains a more drastic provision than generally appears in such statutes. Not only is marriage with third parties prohibited for six months, but "such bond of matrimony (the prior marriage) shall not be deemed to be dissolved as to any marriage subsequent to such decree, or in any prosecution on account thereof, until the expiration of such six months." Many courts have held that where a statute merely inhibits remarriage of divorced parties within a fixed period following severance of the bond of matrimony, the statute is effective only in the state where enacted and has no bearing on a subsequent marriage of either of the parties in another jurisdiction, if there lawful. 5 Ruling

Case Law, p. 1004. The basic principle underlying such general rule is that a marriage lawful where performed should be deemed lawful everywhere.

But that principle is inapplicable in a case with a background of facts such as at bar. The attempted marriage of William and Lala in Wyoming County cannot be said to be a lawful marriage, because the bond of matrimony between William and his former wife had not then been completely severed. Such is the Virginia law, and William's status must be measured thereby. The statute of that state must be read into the divorce decree which Johnson's former wife obtained against him. In respect of the right of remarriage, the position of the parties to that suit remained for six months as though no decree of divorce had been rendered; neither of them had any more right to contract a marriage with a third party than if there had been no divorce. Referring to the Virginia statute here under discussion the court of last resort of that state said: ''As to any subsequent marriage, there was no divorce. The 'bond of matrimony' created by the first marriage was not dissolved so as to permit another marriage. The parties to the first marriage were absolved from many of the obligations imposed by that marriage, but not from the obligation to refrain from marrying another during the 6 months.'' *Heflinger* v. *Heflinger,* 136 Va. 289, 118 S. E. 316. There are similar judicial interpretations of analogous statutory provisions in other jurisdictions: *McLennan* v. *McLennan,* 31 Or. 480, 50 P. 802, 65 A. S. R. 835; *Wilhite* v. *Wilhite,* 41 Kan. 154, 21 P. 173; *In re Smith's Estate,* 4 Wash. 702, 30 P. 1059.

William Johnson's right to remarriage depended upon whether he was divorced absolutely from his former wife. The divorce proceeding having been in Virginia, the law of that state is determinative of the effect of the decree in the divorce case. In the *Heflinger* case, *supra,* the Supreme Court of Appeals of Virginia unequivocally determined that the language of the statute is to be given its literal meaning. We must be governed accordingly. In the interpretation of a statute of another state, this Court will adopt the construction given it by the highest judicial tribunal of such state, unless

the same be in contravention of the Constitution of the United States. *Nimick & Co.* v. *Iron Works*, 25 W. Va. 184, syl. 9.

However innocent and well-meaning the claimant may have been in presumably contracting marriage with William Johnson, the controlling fact is that he was not then in position to enter into such relationship with her. The attempted marriage was a nullity.

The commissioner's action in refusing compensation to the claimant must be affirmed.

*Affirmed.*