(dissenting). I am unable to agree that the petitioner’s marriage to the decedent in Maryland was valid. It was contracted within four months of the Virginia decree dissolving the petitioner’s marriage to his first wife. The validity of the Maryland marriage depends entirely on the petitioner’s capacity to marry the decedent at the time of entering into such union. This, in turn, involves a consideration of the operative and legal effect of the Virginia decree of divorce.
Of course, if the Virginia divorce was not final at the time of the Maryland ceremony, the marriage was void and did not become valid by reason of subsequent cohabitation of the parties (McCullen v. McCullen, 162 App. Div. 599; Earle v. Earle, 141 App. Div. 611).
In my view the Virginia decree was merely the equivalent of an interlocutory judgment of divorce under our practice for a period of four months from the date of decree, so that the petitioner’s marriage to the decedent was void. The Virginia statute (Virginia Code, § 5113, now § 20-118) not only prohibits the parties to a divorce from remarrying within this period, but further provides that the “ bond of matrimony shall not be deemed to be dissolved as to any marriage subsequent to such decree * * * until the expiration of such four months (Italics supplied.) It is conceded that the statute is deemed to be applicable to the petitioner’s decree of divorce from his former spouse, as though it had been incorporated in the judgment itself. In Heflinger v. Heflinger (136 Va. 289) the statute was construed to mean that no judgment of divorce in Virginia had any greater force than a decree nisi as to a subsequent marriage during the prohibited period. It was also held that any such marriage was void. The Heflinger case, like the present case, involved the validity of a second marriage in Maryland, and pointed out that under the law and public policy of that State a marriage by one having a living spouse was void. This, of course, is also the law and public policy of New York (Domestic Relations Law, § 6).
*73 It is a general rule that a statute simply forbidding remarriage of a party to a divorce will not be accorded extraterritorial effect so as to invalidate a subsequent marriage in another State if lawful where solemnized (Moore v. Hegeman, 92 N. Y. 521). This rule, however, is not controlling in the present circumstances. It applies only in a case where a valid and final divorce has been granted. Under Virginia law a decree of divorce issued by its courts is not full and complete until the expiration of four months from the date of decree. Maryland could not give any greater scope or force to a Virginia divorce than the statutes of Virginia empowered its own courts to give such decree. Here the law of Virginia does not merely prohibit a remarriage, but expressly declares that the marriage under attack in the action for divorce shall not be deemed to be dissolved by any decree of divorce so as to permit another marriage during the proscribed period. The statute in question is part of the divorce law of Virginia, and every judgment of divorce must be construed as containing an inhibition on the. parties that renders, them incapable of legal marriage to another within such period. This is not a penal provision, but affects both parties alike. It goes to the question of capacity to contract a valid subsequent marriage within the four months’ period and does not involve any question of extraterritorial prohibition against future marriage (see Heflinger v. Heflinger, supra; McLennan v. McLennan, 31 Ore. 480; Matter of Smith’s Estate, 4 Wash. 702; Johnson v. State Compensation Comr., 116 W. Va. 232; Lanham v. Lanham, 136 Wis. 360, and 32 A. L. R. 1116, 1125, 1142).
The case of Goodwin v. Goodwin (158 App. Div. 171) is distinguishable as involving a second marriage in Illinois within one year after the entry of a judgment in Colorado divorcing the defendant from a former husband. The Colorado statute (Session Laws of Colorado of 1893, ch. 80, § 10) provided that the divorce decree might be set aside on application of the defeated party within one year for good cause, but should never be reopened for any cause thereafter. It then added that “ during said period of one year from the granting of a decree of divorce neither party thereto shall be permitted to re-marry to any other person.” As indicated, the defendant wife in the Goodwin case had married in Illinois within a year after her Colorado divorce. This court held that the statute aforesaid did not render the decree interlocutory, but that it should be treated as a final judgment and the statutory mandate of *74 Illinois. This followed the rule enunciated in such cases as Van Voorhis v. Brintnall (86 N. Y. 18) and Thorp v. Thorp (90 N. Y. 602) that a mere statutory prohibition against remarriage need not be given full faith and credit and has no extraterritorial effect. The rule would appear to be different where the second marriage takes place in a State having a statute declaring such marriage void if contracted during a period of prohibition (see Beaudoin v. Beaudoin, 270 App. Div. 631). In any event, the Virginia statute involved in this case does not stop at mere prohibition against remarriage, but goes further and in terms suspends the finality of a decree of divorce so that the marriage of the parties to the divorce action shall not be deemed to be dissolved as to any subsequent marriage until the expiration of four months from the date of decree.
The decree awarding letters of administration to the petitioner should be reversed, and the petition dismissed.
Peck, P. J., concurs with Shientag, J.; Van Voobhis, J., concurs in opinion; Callahan, J., dissents and votes to reverse in opinion in which Glennon, J., concurs.
Decree affirmed, with costs payable out of the estate.