Leonard J. Eichbauer v. Commissioner.
Eichbauer v. Commissioner
Docket No. 6987-70SC.
United States Tax Court
T.C. Memo 1971-133; 1971 Tax Ct. Memo LEXIS 197; 30 T.C.M. (CCH) 581; T.C.M. (RIA) 71133; June 9, 1971, Filed. *197 The petitioner was cohabiting with, and providing the total living expenses for, a woman to whom he was not 582 married. Held, he is not entitled to a dependency deduction for her, because he has failed to show that their relationship was not in violation of local law. Leonard J. Eichbauer, pro se, 922 North 72nd, Seattle, Wash. Vivian T. Martinez, Jr. , for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent has determined a deficiency of $143.00 in the petitioner's Federal income tax for 1968. The issue for decision is whether the petitioner is entitled to a dependency deduction for a woman with whom he was living as husband and wife, but to whom he was not married. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner, Leonard J. Eichbauer, lived in Seattle, Washington, at the time of filing his petition in this case. He filed his individual Federal income tax return for 1968 with the Internal Revenue Service Center, Ogden, Utah. On his 1968 income tax return, the petitioner claimed Dolores Gonzales, a divorced woman, as his dependent. The petitioner and Mrs. Gonzales began living together in 1967, and lived together during all of 1968. Mrs. Gonzales performed all of the duties, responsibilities, and tasks normal to a wife and homemaker; *199 in 1967, she bore the petitioner's child. The petitioner and Mrs. Gonzales represent their relationship as a common law marriage, but they have not contracted a marriage relationship within the statutory requirements imposed by the State of Washington nor have they contracted or consummated a legally sufficient marriage in any other State. However, the petitioner provided all of Mrs. Gonzales' living expenses in 1968; she did not have an incomeproducing job outside the household in that year. The petitioner and Mrs. Gonzales owned all their assets as joint tenants under the names of Mr. and Mrs. Eichbauer. They are known in their community as husband and wife. Opinion We must decide whether the petitioner is entitled to a dependency deduction for Mrs. Gonzales, who resided with the petitioner, and for whom the petitioner provided all living expenses. Section 152(a) of the Internal Revenue Code of 1954 sets forth the categories of persons for whom a taxpayer may claim a dependency deduction if he meets the support test. Section 152(a)(9) provides that a deduction may be taken for an individual, not the taxpayer's spouse, who has his principal place of abode *200 in the taxpayer's home during the year in issue, and who is a member of the taxpayer's household. However, section 152(b)(5) provides that an individual is not a member of the taxpayer's household if, at any time during the taxable year, the relationship between such individual and the taxpayer is in violation of local law. See also sec. 1.152-1(b), Income Tax Regs.; John J. Untermann, 38 T.C. 93, 97 (1962); Leon Turnipseed, 27 T.C. 758 (1957). The State of Washington does not recognize a "common law marriage" contracted and consummated within that State. In re Gallagher's Estate, 35 Wash. 2d 512, 213 P. 2d 621 (1950); Meton v. State Industrial Insurance Department, 104 Wash. 652, 177 P. 696 (1919); In re Smith's Estate, 4wash. 702, 30 P. 1059 (1892). The petitioner concedes that he and Mrs. Gonzales did not contract a marriage in any other State; thus, the conclusion is inescapable that they were not married to one another. The petitioner has the burden of proving that he is entitled to the dependency deduction which the respondent disallowed. Aaron F. Vance, 36 T.C. 547, 549 (1961); Rule 32, Tax Court *201 Rules of Practice. In order to sustain this burden, the petitioner would have to show that his relationship with Mrs. Gonzales in 1968 did not violate local law. The petitioner has utterly failed to make such a showing. The committee report pertaining to the enactment of section 152(b)(5) states, as an example of the effect of such provision: "[This] would make it clear that an individual who is a 'common-law wife' where the applicable State law does not recognize common-law marriages would not qualify as a dependent of the taxpayer." H. Rept. No. 775, 85th Cong., 1st Sess. (1957), 1958-3 C.B. 811, 818. Therefore, the respondent's disallowance of the deduction here in issue appears to be consistent with the intent of Congress. 583 Moreover, section 9.79.120 of the Revised Code of Washington provides, in part, "Every person who shall lewdly and viciously cohabit with another not the hushand or wife of such person * * * shall be guilty of a gross misdemeanor." Generally, the statutory offense of lewd cohabitation is committed by two persons living together in a state of adultery or fornication, or cohabiting together as husband and wife without being married. *202 53 C.J.S. Lewdness, sec. 2; 25 Words and Phrases, Lewd and Lascivious Cohabitation. Thus, it appears that the petitioner's relationship with Mrs. Gonzales during 1968 may have been in violation of the statute prohibiting lewd cohabitation; certainly, the petitioner has failed to prove that such relationship was not in violation of that statute. Although the petitioner has assumed the responsibility of supporting Mrs. Gonzales, although the officials of the State of Washington have not undertaken to prosecute them, and although the community in which they reside accepts them as husband and wife, we are required, since they have not shown the legality of their relationship, to sustain the respondent's determination. Decision will be entered for the respondent.