## MARTIN v. PAYNE.

A compilation of the laws of another State, is not admissible in evidence in this State, unless it purport to be published by authority of such other State, although it be proved by attorneys who are acquainted with the laws of such other State, and who have been licensed to practice law there, that such compilation contains the laws of such other State, and is currently received in the Courts of such other State as evidence of the laws therein.

The enactment by Congress, of the mode in which the laws of one State may be authenticated so as to entitle them to credit in another, does not preclude the States from establishing other modes of authentication or proof.

The written laws of another State cannot be proved by parol evidence.

Error from Colorado. The errors assigned are,

1st. The ruling out and rejection of the evidence, offered by plaintiff, of the rate of interest in the State of Tennessee.

2nd. The refusal to grant a new trial.

The evidence, rejected, consisted in the first place, (as appeared from the bill of exceptions,) of Section 3rd, chapter 50, passed in 1835, in a book entitled "A compilation of the "statutes of Tennessee, of a general and permanent nature, "from the commencement of the government, to the present "time, with reference to judicial decisions, in notes, to which "is added a new collection of forms, by R. L. Caruthers and "S. C. Nicholson, Nashville, Tennessee; printed at the steam "press of James Smith, 1836." The Court having refused to allow said Section to be read, the plaintiff then offered to prove by Vincent Allen and R. J. Rivers, Esqrs., being first sworn, that they had been licensed to practice law in the State of Tennessee; that they were acquainted with the law of Tennessee, governing the rates of interest, from, during and after the year 1843; that Section third aforesaid contained the law of said State, governing the rate of interest there, from, during and after the year 1843; and that the aforesaid book was currently received in the Courts of Tennessee, as evidence of the laws therein contained; and that so far as their knowledge extended, said book contained the laws of Tennessee. The Court having also refused this evidence, the plaintiff offered to prove by the said Rivers and Allen, that they were acquainted with the law of Tennessee, governing the rate of interest from, during and after the year 1843; that said rate was six per cent; but said Allen having testified that the interest of said State was governed by statute law, the Court also refused to admit said testimony.

*G. W. Smith*, for defendant in error.

HEMPHILL, CH. J. We are of opinion that there was no error in the rejection of the evidence, offered by plaintiff. The Congress of the United States, and the Legislature of this State, have provided modes by which the laws of other States, when offered as evidence, may be proved. By the Acts of

Congress, it is provided that the Acts of the Legislatures of the several States and territories shall be authenticated by having the seal of the respective States affixed thereto; and by statute in this State, it is declared that the printed statute books of the several States and territories of the United States, purporting to have been printed under the authority of such States and territories, and a certified copy under seal of the Secretary of this State, of any Act or resolution contained in the printed statute books of any State or territory of the United States, purporting to be printed under the authority of such State or territory, which is deposited in the office of the Secretary of State, shall be evidence in like manner. (Dig. Art. 747.)

The book which was attempted to be offered in evidence, is not before this Court; but, from its title page, it does not purport to have been published by authority of the State of Tennessee; nor was there any evidence that the publication was official in its character. The Section relied on, as found in that work, was clearly not admissible under the authority of the Article above cited. That includes only books purporting to have been printed by State authority, and does not embrace private and unofficial publications.

It has been ruled in several of the States, that the Act of Congress did not exclude other modes of authenticating the laws of the States, and that the statute books of the States, purporting to be published by authority of the States respectively, should be received as evidence of such laws. This was in effect decided in the case of Burton v. Anderson, 1 Tex. R. But the provision of the statute supercedes the necessity of judicial decision to that effect. The facility for proving the laws of other States, has been greatly enlarged by the statute. Copies of the statute books of most of the States or authentic digests, are deposited in the office of the Secretary of State; and a certificate from that officer will authorize the admission of such laws in evidence.

The testimony of the witnesses, as to the rate of interest,

was clearly inadmissible. This depended on written law; and as such, it could not be established by parol evidence. (Phillip's Evidence, 3 Vol. p. 1141.) Nor did their evidence give authenticity to a book which, in itself, contained no *indicia* as emanating from public authority; and, as the publication was not official, it could not be received in the Courts of this State, as evidence of the laws contained therein.

The subject of the proof necessary to the admission of foreign laws in evidence, has been elaborately examined in the case of Ennis *et al.* v. Smith *et al.*, 14 Howard, p. 426; and the result of the investigation has been the laying down of the rule, that a foreign, written law may be received when it is found in a statute book, with proof that the book has been officially published by the government which made the law. And, with reference to the statutes of the different States, in the same case, it is said that the Courts of the United States only take notice of such laws, when found in the official statute books of the said States.

We are of opinion, that the book, offered in evidence, was properly rejected, and that there is no error in the judgment of the Court.

Judgment affirmed.