JOHNSTON v. BRANCH BANKING CO. et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1911.)

1. BILLS AND NOTES (§ 462*)—PLEADING.
  A petition on promissory notes alleged that M. owed a grocery company $5,000, for which defendant and another were responsible, and that M. and defendant gave the company their note for $5,000, which the company indorsed and sold to plaintiff bank, and was credited with the proceeds; that, on maturity, by agreement, M. and defendant executed four notes for $1,250 each, all payable to plaintiff and indorsed prior to delivery by the grocery company, which were taken by plaintiff in payment of the $5,000 note, which was surrendered to M.; that plaintiff and the grocery company agreed that it should pay plaintiff $2,000 on an indebtedness of $10,000, including that evidenced by the four notes of defendant, and the company should give its note for the balance of the indebtedness, including that shown by the four notes, leaving them with the bank as collateral security for the company's indebtedness to the plaintiff. The petition also alleged the maturity of the notes and the failure of defendant and the grocery company to pay, and prayed judgment against defendant as maker and the grocery company as indorser. *Held*, that the petition was good as against a general demurrer.

  [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 462.*]

2. BILLS AND NOTES (§ 527*)—EVIDENCE—SUFFICIENCY.
  Evidence *held* to show that an indorser, in executing and delivering a note to the obligee covering all its indebtedness, including the notes on which it was liable with others as indorser, did not intend to discharge the notes on which it was so liable, but intended that they should remain as collateral security.

  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1847–1855; Dec. Dig. § 527.*]

3. STATUTES (§ 281*) — FOREIGN LAWS—PLEADING AND EVIDENCE.
  Testimony of witnesses to prove the laws of another state and the decisions construing them was improperly permitted, where the statutes were not pleaded.

  [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. § 281.*]

4. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
  Error in permitting evidence of the laws of another state, in the absence of pleading, was harmless, where the court properly instructed a verdict against the party complaining on another ground, as to which such evidence was immaterial.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by the Branch Banking Company against F. W. Johnston and the Wilson Grocery Company. From a judgment for plaintiff against both defendants and in favor of the Grocery Company against Johnston, the latter appeals. Affirmed.

Linebaugh & Crain, for appellant. H. G. Connor, Jr., R. L. Daniel, and Ben W. Fly, for Branch Banking Co. T. R. Wood, for Wilson Grocery Co.

McMEANS, J. This suit was brought by the Branch Banking Company against F. W. Johnston, as maker, and the Wilson Grocery Company, as indorser, on four certain promissory notes for the sum of $1,250, each dated May 30, 1908, and payable on the 25th day

of July, August, September, and October, 1908, respectively. The case was tried before a jury, and, after the evidence was all in, the court instructed a verdict in favor of appellees and against F. W. Johnston, as maker, and the Wilson Grocery Company, as indorser, for the sum of $5,854.15, being the amount of the principal and accrued interest due upon the four notes sued upon, and upon which verdict the court rendered judgment against said Johnston and Wilson Grocery Company, and in favor of appellees, and in favor of the Wilson Grocery Company against Johnston for the sum above named. From this judgment, appellant, Johnston, after his motion for a new trial had been overruled, has appealed.

[1] Appellant, by his first assignment of error, complains of the action of the court in refusing to sustain his general demurrer to plaintiffs' petition. The petition alleges, in substance, the following: In February, 1908, James Mulligan owed the Wilson Grocery Company $5,000 on open account, for the payment of which account appellant, F. W. Johnston, and Grommett Bros., were responsible. About that time James Mulligan and appellant, Johnston, in payment of this account, executed and delivered to the Wilson Grocery Company their note for the principal sum of $5,000 payable to the order of the Wilson Grocery Company and due May 1, 1908. The Wilson Grocery Company indorsed said note, and sold it to the Branch Banking Company, and was credited with the proceeds. When this note became due James Mulligan was insolvent. By agreement with the bank, then made, James Mulligan and appellant Johnston executed four notes all dated May 30, 1908, each for the principal sum of $1,250, payable July 25, August 25, September 25, and October 25, 1908, respectively, all being payable to the order of Branch Banking Company, and these notes were prior to their delivery indorsed by the Wilson Grocery Company. These notes were taken by the Branch Banking Company in payment of the $5,000 note above mentioned, which was surrendered by the bank to Mulligan. James Mulligan died in June, 1909, insolvent. The Branch Banking Company had been demanding payment of said four notes prior to this time, and on March 30, 1909, it was agreed between the Banking Company and the Grocery Company that, if the Grocery Company would pay $2,000 on its general indebtedness to the bank, its indebtedness at that time being $10,000, including that evidenced by the four notes of Johnston and Mulligan, and give its note for the balance of the indebtedness of the Wilson Grocery Company to the Branch Banking Company, including that evidenced by the four notes sued on, and leave the four notes sued on with the bank as collateral security for the indebtedness of the Wilson Grocery Company to the bank, the bank would carry the matter in that shape, and that this was done. It alleged the maturity of the notes and the failure of Johnston and the Grocery Company to pay same after due demand. The prayer was for judgment against appellant Johnston, as maker, and against the Wilson Grocery Company, as indorser, for its debt evidenced by the four notes, and for interest and costs. We think the petition is good as against a general demurrer, and the assignment and the several propositions thereunder are overruled.

Appellant's fourth assignment of error is as follows: "The trial court erred in its charge to the jury in instructing the jury to return a verdict in favor of the plaintiff against each of the defendants, F. W. Johnston and Wilson Grocery Company, for the amount sued for, because, under the pleadings of the parties, the only law applicable to this cause was the law of Texas, and the evidence showed that the notes sued on had been issued by James Mulligan and F. W. Johnston, payable to the plaintiff Branch Banking Company, but, before delivery to the payee, they had been indorsed by the defendant Wilson Grocery Company; that, after their maturity, they had been paid by the Wilson Grocery Company, and then reissued by said Wilson Grocery Company, and placed with said plaintiff as collateral security, to secure an indebtedness of said Wilson Grocery Company, and it being the settled law of Texas that an indorser of promissory notes prior to delivery is a surety, and upon payment by such surety such notes are extinguished, and cannot be reissued, that such right of reissuance after such payment being permitted by the statutes of North Carolina, but not by the statutes of Texas, nor the law of Texas, and said North Carolina statutes were not pleaded by plaintiff nor either defendant."

[2] It may be stated by way of explanation that the notes sued on were executed in North Carolina, and that at the date of their execution and delivery the Wilson Grocery Company and the Branch Banking Company did business in that state, and the appellant, Johnston, and James Mulligan both resided there. The vice in this assignment is in assuming that at the time the Wilson Grocery Company executed and delivered its note to the bank for the amount of its indebtedness, including that evidenced by its indorsement of the four notes sued on, that said four notes were thereby paid off and discharged, and the appellant Johnston relieved of all liability thereon. It is not true, as assumed in said assignment, that it was intended by the Wilson Grocery Company in executing said note and by the Branch Banking Company in accepting the same to discharge the appellant Johnston from liability, because all the testimony shows that the Banking Company in accepting said note took same as further security and in continuation of the liability of the Wilson Grocery Company; nor is it true, as assumed in said assignment, that the Wilson Grocery Company in the execution of its note for the

amount of its indebtedness to the bank took up the notes of appellant Johnston, and then reissued the same and placed the same as collateral security with said bank to secure its indebtedness. The only evidence which lends support to appellant's contention in this regard is the testimony of O. P. Dickinson, who testified that during a conversation related by him, J. C. Hales, president of the Branch Banking Company, stated that these four notes had been paid; that the Wilson Grocery Company had paid the said notes to the Branch Banking Company. But this witness, upon cross-examination, stated that Hales had explained to him that the Wilson Grocery Company gave a new note to take the place of the four notes sued on, but that said notes had never been out of the possession of the Branch Banking Company, but had been held by said bank as collateral security to the note given by the Wilson Grocery Company above referred to, and other indebtedness due from said company to said bank. We think that under the undisputed evidence the court did not err in instructing a verdict for the appellee, and the assignment is overruled.

[3, 4] Appellant's second and third assignments, which are grouped, complain of the admission in evidence, over his objection, of the testimony of certain witnesses introduced for the purpose of proving the laws of North Carolina and the decisions construing same relative to reissuance of promissory notes by parties to same who are secondarily liable thereon, who have paid such notes and reissued same; the objection being that the pleadings of plaintiff did not authorize the introduction of such proof. We think the objection was well made, and should have been sustained. However, in view of our finding to the effect that the court, under the pleadings and proof, properly instructed a verdict for the plaintiff, the error in admitting the proof is wholly immaterial.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.