## VICKERS et al. v. FAUBION. (No. 1698.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1920.)

**1. Habeas corpus ⬤⟿54—Petition for custody of child should state all facts necessary to recovery.**

Habeas corpus proceedings to recover the custody of a minor child are in the nature of a civil action to determine the right to such custody in which the public has no concern, and the rights of the parties are to be determined as in any other civil action, so that the petition should plead facts necessary to petitioner's right to custody and those showing the incompetency of the other party.

**2. Evidence ⬤⟿161(2) — Statutes of another state cannot be proved by parol.**

Under Rev. St. 1911, art. 3692, making printed statutes of other states evidence of the acts contained therein, such publications are the best evidence of the statutes, and parol evidence is not admissible to establish them, though such evidence is admissible to establish the unwritten law of another state.

**3. Evidence ⬤⟿80(1)—Without proof of foreign law, rights are determined under law of forum.**

In the absence of competent proof as to the effect of a foreign divorce decree under the foreign statutes, the rights of the party under the decree are to be determined by the laws of the forum, so that a remarriage not forbidden by its laws is valid.

**4. Divorce ⬤⟿320—Ordinarily statute prohibiting remarriage after divorce has no extraterritorial effect.**

As a general rule, statutes of a state prohibiting marriage within a stated time after divorce and making such marriage void have no extraterritorial force, and do not invalidate a marriage within the limited time in another state, whose laws do not prohibit such remarriage.

**5. Divorce ⬤⟿326 — Foreign decree absolute from entry, notwithstanding provision making it interlocutory.**

Decree of divorce is absolute in Texas from its entry, unless set aside or appealed from, so that a provision in decree in Oklahoma, where it is not shown that the law of that state is to the contrary, that the decree shall not be absolute until six months after entry is of no effect in Texas.

**6. Evidence ⬤⟿345(2)—Foreign decree must be certified as required by federal statutes to be admissible.**

A copy of a foreign decree is not admissible in evidence, where it is not properly certified as required by U. S. Comp. St. § 1519, to entitle it to full faith and credit.

**7. Divorce ⬤⟿303(1)—Court cannot amend or supplement decree after term.**

Though the court during the term at which a decree was rendered can vacate, modify, or correct it, a supplemental decree, changing the

custody of the child, entered after the close of the term at which the divorce was granted, is invalid.

**8. Divorce ☞302—Decree conclusive as to fitness for custody of child at divorce.**

A divorce decree awarding custody of child to the mother is res judicata that at the date of the decree she was a proper person for its custody.

**9. Divorce ☞302—Decree not conclusive as to custody under changed conditions.**

The provision of a divorce decree, awarding custody of a child to its mother, does not bar a subsequent proceeding to change the custody on proof that the situation, and character of the respective parties have changed since the former decree, so as to make a change of custody necessary for the best interests of the child.

**10. Divorce ☞332—Foreign court granting divorce has not exclusive jurisdiction to change custody of child.**

The court of a foreign state, which granted a divorce and awarded custody of a child to the mother, does not have jurisdiction exclusive of the courts of other states to determine the right to the custody of the child after conditions have changed subsequent to the entry of the decree.

**11. Divorce ☞303(2)—Remarriage permitted under state laws does not show unfitness for custody of child.**

The fact that a divorced wife, to whom the custody of the child had been granted, remarried within the state, as permitted by its laws, shortly after the divorce was granted, does not show her unfitness to have the custody of the child.

Error from District Court, Potter County; Henry S. Bishop, Judge.

Habeas corpus by Earl W. Faubion against Beulah Vickers and husband for the custody of a minor child. Judgment awarding custody to plaintiff, and defendants bring error. Reversed and remanded.

Miller & Guleke and Ben H. Stone, all of Amarillo, for plaintiffs in error.

J. A. Hughes, of Wichita Falls, for defendant in error.

HUFF, C. J. The defendant in error, as relator, brought this action against Beulah and Willie Vickers, in the nature of a habeas corpus, for the custody of a six year old child, Marie Faubion. It is alleged:

"That on the 22d day of March, 1913, he (Earl W. Faubion) was lawfully married to Beulah Lewis, and that said marriage relations continued to exist until the 6th day of January, 1920, and that upon said last-named date said marriage relations were dissolved by a decree of the district court of the Seventeenth judicial district in and for the county of Jefferson, state of Oklahoma, rendered by Hon. Cham Jones, judge of said court, a copy of which is herewith filed, marked Exhibit A, and made a part of this petition.

"(2) That during the existence of the marriage relation heretofore set out there was born to the said Earl W. Faubion and Beulah Faubion one child, named Marie Faubion, who is now of the age of six years; that subsequent to the divorcement decree of January 6, 1920, and after the said Beulah had violated the terms and provisions of said decree, to wit, on the 15th day of March, 1920, upon petition of this petitioner, on one of the judicial days of the regular March term of the district court in and for Jefferson county, Oklahoma, Hon. Cham Jones, judge of said court, caused to be rendered a supplemental decree, modifying and changing the terms of the decree of January 6, 1920, by the terms of which modified decree, and for the reasons therein stated, gave to your petitioner exclusive care, custody, and control of the infant child, Marie Faubion, a certified copy of which decree is hereby filed, marked Exhibit B, and prayed to be read and considered as a part of this petition.

"(3) Your petitioner would further state to the court that he is the father of Marie Faubion, and that she is now being detained and restrained of her liberty, and from the custody of your petitioner, and against his will, in the county of Potter and state of Texas, by Beulah Vickers and Willie Vickers; that the said Beulah Vickers and Willie Vickers, without his knowledge and consent, and in violation of the terms of the decree of the district court of Jefferson county, Oklahoma, unlawfully took and carried the said Marie Faubion into the state of Texas, where she is now being unlawfully held, detained, and restrained of her liberty, as aforesaid."

The prayer is for the issuance of the writ, etc.

[1] Before considering the errors assigned, in view of the defendant in error's contention that the plaintiffs in error confused the writ of habeas corpus with the petition, and answered in a civil suit, it will be necessary to determine the nature of such proceeding. It will be noted the petition for the writ nowhere charges that the respondents were unsuited for the care and custody of the child, or charges them with immorality, incompetency, or inability financially. It is simply alleged they violated the decree of the district court of Oklahoma. The trial court, at least in part, appears to have based his judgment on certain facts determined by him as amounting to immoral conduct and wrongs before the original decree of divorce and apparently upon the fact that the plaintiffs in error afterwards married in Texas, thereby violating the laws of Oklahoma, and that the wife is guilty of bigamy, or that plaintiffs in error were living in adultery. None of these things, it will be seen, were charged in the petition. The contention urged by the defendant in error apparently is that these facts were not necessary to be alleged, and neither was it necessary to plead

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the laws of the state of Oklahoma with reference to granting divorces. Beulah Vickers is the mother of the child, the fruit of her marriage with Earl Faubion, from whom the Oklahoma district court gave her a divorce. In Texas it has been repeatedly held that the proceeding by habeas corpus to determine the parent's right to the custody of his minor child is a civil action, within the meaning of our Constitution, and statutes. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Finney v. Walker, 144 S. W. 679; Long v. Smith, 162 S. W. 25. In the latter case this court, speaking through Judge Hendricks, held:

"The writ of habeas corpus, used in this state as a form of procedure for the purpose of litigating questions as to the proper custody of infants, and inquiring into their status to that end, is not really a procedure, * * * calling in question an illegal restraint of children in the sense of false imprisonment, * * * but is one of a development of the law on that subject, addressed to the equity powers of courts of chancery for the protection of the child's welfare; the change of custody, if made, following the ascertainment of this problem as a remedial right."

In 12 R. C. L. "Habeas Corpus," par. 75, p. 1257, it is said:

"In proceedings to determine the custody of infants, such an action is said to partake of the nature of a private suit in which the public has no concern. The rights of the parties are determined as in any civil action, and being a civil action and the judgment rendered being a final adjudication in regard to such custody, the right of appeal follows." Jamison v. Gilbert, 38 Okl. 751, 135 Pac. 342, 47 L. R. A. (N. S.) 1133; People v. Court of Appeals, etc., 27 Colo. 405, 61 Pac. 592, 51 L. R. A. 105.

As to the form and requisite of the petition for habeas corpus:

"The fundamental rule of all pleadings should be followed in drawing a petition for writ of habeas corpus, that facts only concerning the intention of the person restrained are to be stated. Conclusions of law should be avoided." 12 R. C. L. par. 47, p. 1231.

Since this is a civil action, to determine the right to the custody of the child, and in which the public has no concern, and the rights of the parties are to be determined, as in any other civil action, the parties should, in their petition, plead the necessary facts constituting their right to the custody of the child, and the facts showing the incompetency of the other party. In this action, as in any other, the respondent, we think is entitled to know the grounds upon which the relator relies rendering her unfit for the care and custody of the child.

We believe it unnecessary to discuss the first assignment, based on the action of the court in overruling a general exception to the petition.

The second, third, fourth, and eighth assignments will be considered together. These assignments are based on the action of the court in admitting the testimony of J. A. Hughes, a lawyer, over the objection of plaintiffs in error, and in holding that Mrs. Vickers had violated the laws of Oklahoma in Texas. The testimony of Hughes is to the effect that the statutory laws of Oklahoma where the divorce plea was granted is that a marriage, entered into within six months after a decree of divorce has been entered, is absolutely void. The objections urged were: (1) There were no pleadings authorizing the evidence to prove the laws of Oklahoma; (2) that it was irrelevant, incompetent, and immaterial; (3) the statute books of that state were the best evidence. The judgment and findings of the court are objected to on the ground that having failed to plead the laws of that state, the presumption prevailed that the laws there are the same as in this state, and that the marriage between plaintiffs in error took place in Texas, and under the laws of Texas was valid and did not violate the laws of Oklahoma.

[2] With reference to the third objection to the testimony, the rule is that the laws of other states are facts to be established in this state by evidence competent, according to the rules here prevailing. The general rule seems to be that parol evidence is admissible to establish the unwritten law of a foreign jurisdiction, but not to establish the statutory law, as in such cases the statutes themselves would be the best evidence.

"It has been held that the general rule that the statutes of another state cannot be proved by parol is especially applicable where it is provided by statute that such proof may be made by a printed copy; for there can be no valid reason for allowing proof by parol." 25 R. C. L. "Statutes," par. 205, p. 951.

Article 3692, R. C. S., provides that the printed statutes of other states, purporting to have been printed under authority thereof, shall be received as evidence of the acts therein contained. See, also, article 3693; Martin v. Payne, 11 Tex. 292; Railway Co. v. Conrad, 99 S. W. 209; Johnston v. Branch, 143 S. W. 193; Railway Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 892; Railway Co. v. Ryan, 214 S. W. 642; Seiders v. Merchants Life Ass'n (Sup.) 54 S. W. 753; Cole v. District Board, etc., 32 Okl. 692, 123 Pac. 426, Ann. Cas. 1914A, 459.

[3] In the absence of an allegation and of proof of the laws of another state, the rights of parties arising out of the facts alleged, or alleged and proved, must be determined by the laws of this state. Buford v. Holliman, 10 Tex. 560, 60 Am. Dec. 223; Lamb v. Hardy (Sup.) 211 S. W. 445; Johnston v Branch, 143 S. W. 193; Kinney v. Tri-State Telephone Co., 201 S. W. 1180; Blethen v. Bonner (Sup.) 53 S. W. 1016; Thompson v.

Thompson, 202 S. W. 175. The court was in error in admitting the testimony of the witness and in overruling the objections. This being true, the marriage of plaintiffs in error in Texas was valid, and did not violate the laws of Oklahoma or of Texas. This marriage did not render the plaintiffs in error unfit as custodians of the child. The trial court, therefore, had no pleadings or evidence upon which to base its findings and judgment.

[4] In this case the evidence shows the divorce was granted in Oklahoma and that the plaintiffs in error came to Texas and married within one month thereafter. The trial court, acting on proof of the laws of Oklahoma that parties are forbidden to marry within six months after the decree of divorce, found that the marriage in Texas was in violation of the laws of Oklahoma. The record is not such that we can discuss this question. Ordinarily, the laws of a state have no extraterritorial effect, and such prohibition would not affect a marriage lawfully entered into in Texas. It is not our purpose to determine the validity of the marriage in Texas, if the laws of Oklahoma be as contended. Should it become important upon another trial, we refer to 9 Ruling Case Law, "Divorce and Separation," par. 324, p. 502 et seq., where this question is discussed, and notes to many decisions may be found. It is sufficient to say that the holding in effect by the trial court that the plaintiffs in error were not lawfully married was an error in the condition of the present record, and the assignment will be sustained.

The fifth assignment asserts the trial court was in error in holding the decree of divorce interlocutory as to the custody of the child. There were no pleadings to that effect. The pleadings set up a final and absolute decree of divorce, which was in no way interlocutory. We find a decree in the transcript, but not in the statement of facts. The decree recites that defendant (Earl Faubion) had been guilty of gross neglect of duty, and extreme cruelty toward said plaintiff (Beulah Faubion) and all of which was without fault of plaintiff, and because thereof "is entitled to the decree of divorce as prayed for." It was therefore ordered and decreed:

"That the marriage relation heretofore existing between Beulah Faubion and Earl W. Faubion be and the same is hereby dissolved, and both parties are released from the same. It is further ordered that the care, custody, and education of Marie Faubion, the child of said marriage, be confided to the plaintiff, but that the said defendant shall be permitted to visit said child at reasonable times, and to have said child visit him at reasonable times, for a reasonable period of time, until further ordered by the court."

The defendant was to pay $15 per month to the clerk of the court for the benefit of the child. The judgment further has this stipulation:

"It is further ordered that this decree do not become absolute and take effect until six months from the date hereof."

The judgment does not appear to have been offered in evidence, and it is not in the statement of facts, but only in the transcript as a filed paper in the case, but referred to in the pleadings as filed and marked Exhibit A, as part thereof. The trial court however, seems to have treated it as in evidence, and finds the decree is an interlocutory order, and not a final judgment. There was no testimony offered that by the laws of Oklahoma the court could enter an interlocutory order, as in this decree. The testimony is to the effect the statutes provided that after the decree of divorce parties cannot marry until after 6 months from the date of the decree; that if they left the state, and married in another state, and return to Oklahoma and cohabit even for one night, they are deemed guilty of bigamy; that the statute further provides, in the event of the latter marriage, the decree of divorce rendered shall be void, and the latter marriage shall become void. As above noted, there were no pleadings as to any of these things. If the statute of Oklahoma is as indicated by the testimony admitted, it would appear that upon entering the decree the divorce is absolute, and not interlocutory. It may be the parties could not marry until 6 months, and if they did so before it would have the effect of annulling the decree. The clause last quoted in the decree would seem to have the effect of continuing the prohibition for 12 months, instead of 6 months, from the date of the decree, January 6, 1920. If there was no absolute decree of divorce until 6 months after the date of the entry of the above order, then under the law it would seem no marriage could be entered into until 6 months thereafter.

[5] Be that as it may, such is not the law in Texas. The decree is absolute from the date of its entry, unless set aside or appealed from. The force and effect of the statute cannot be extended by the decree. The decree is effective as the statute is effective, and not otherwise. As we conceive the question, the court could not add the addenda to the decree in this state, and so far as the testimony shows had no such power in Oklahoma. As said by Mr. Justice Moursund, in the case of Gazell v. Garcia, 187 S. W. 410:

"But we find no provision in our statute authorizing the court to provide for the support of the children in the divorce decree, and no provision authorizing the court to modify or change its decree from time to time. Our Legislature did not see fit to give the district court such power, and the statute contemplates a judgment in the case which finally disposes of the custody of the children upon the facts be-

fore the court—a decree which is conclusive in that court or any other court with regard to the custody as long as the conditions remain unchanged. * * * It adds nothing to a decree to say that for the time being the custody of the children is awarded to one party, and the court has no power to decree that it reserve to itself the exclusive right to determine in the future whether the custody shall be changed."

We cite the above case at this time on the question of the custody of the child, and also on the question that the decree of divorce is final at its entry, and that the court cannot make it interlocutory. The last provision in the instant judgment is a nullity and will not otherwise affect the divorce then granted, and the right of plaintiffs in error to the custody of the child. In re Crane, 170 Mich. 651, 136 N. W. 587, 40 L. R. A. (N. S.) 765, Ann. Cas. 1914A, 1173; 9 R. C. L. "Divorce and Separation," par. 243, p. 439; Claudius v. Melvin, 146 Cal. 257, 79 Pac. 897; Sykes v. Speer, 112 S. W. 422; Twichell v. Askew, 141 S. W. 1072; Studebaker, etc., v. Gerlach, etc., 192 S. W. 545.

[6] The tenth assignment asserts error in admitting the supplemental decree of January 6, 1920, because not properly certified to under the provision of the United States statutes to entitle it to full faith and credit, or of the statutes of this state. The trial court should have sustained the objection. The certificate did not comply with the statute. Section 1519, U. S. Comp. Statutes.

[7] It is urged in this court by the defendant in error that the trial court had the right to supplement the decree or amend it after the original entry. Kentz v. Kentz, 209 S. W. 200, is cited as authority therefor. Mr. Justice Boyce held that during the term at which the judgment is rendered, the court has the power over it, and may vacate, modify, or correct. We are unable to determine from this record whether the supplemental or amended judgment in this case was made during the term of the rendition of the original judgment of divorce. If it was after the close of that term, under our decisions, as we understand them, it would be invalid.

[8-10] It is held that the status of the mother, as a proper person for the care of the child, was fixed by the decree of January 6, 1920, and the judgment that she was a proper person for its custody was res judicata. However, such decree would not be a bar to a subsequent proceeding to modify it, upon proof that the situation and character of the respective parties have so changed as to render it to the best interests of the child. Wilson v. Elliot, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928; Gazell v. Garcia, 187 S. W. 410; In re Leete (Mo.) 223 S. W. 962. It is established in this state that a foreign court, awarding the custody of a child in a divorce proceeding, has not the exclusive jurisdiction to change that custody. If the parties are beyond the jurisdiction of that court, it may well be doubted whether the original court could make an order changing the custody of the child. These matters, however, are not necessary to a disposition of this case at this time.

[11] There are several other assignments assailing the findings of the court as to the qualification of the plaintiffs in error for the care and custody of the child. We will not discuss the evidence, further than to say it would appear that the court took into consideration the conduct of Mrs. Vickers toward her former husband before the decree of divorce, and certain facts relative to her association with her present husband at that time. It will be seen by the decree of divorce that the court found that defendant in error was guilty of extreme cruelty and without fault on the part of Mrs. Vickers. That judgment foreclosed those matters, except in so far as they may corroborate her subsequent conduct, and of a similar nature rendering her unfit to care for the child. The evidence would indicate that she bore a good character in her home community, where she was raised, up to the time she left there and came to Texas. Her conduct and that of her husband since coming to Texas seem to have been without reproach. The gravamen of the court's finding appears to be she married in Texas in less than six months after the divorce, and that such act in Texas rendered the marriage illegal. Such marriage in Texas was not illegal, and does not render her unfit, of itself, to care for her child and have its custody.

We believe the trial court was in error in rendering the judgment he did in this case, and it will be reversed and remanded.