## HUCKMAN et al. v. CAMPBELL.
### No. 12491.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 25, 1953.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellant.

R. E. Schneider, Jr., George West, Leo N. Duran, Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling the pleas of privilege of appellants, Edward P. Huckman and D. Garza, requesting that this cause be transferred from Live Oak County to Nueces County, where they reside. Appellant D. Garza has filed no brief and the case is before us without a statement of facts. A statement was belatedly tendered by appellant Huckman, but could not be filed for the reasons set forth in our memorandum opinion reported in Tex.Civ.App., 252 S.W.2d 604.

Thereafter appellee filed a motion to strike the brief of appellant Huckman and affirm the judgment of the trial court. This motion was overruled as a transcript had been duly and timely filed. The fact that a statement of facts is not filed is not grounds for dismissal of an appeal. When the transcript contains the necessary information showing that the action of a trial court was erroneous, the judgment may be reversed upon a proper point. As a general rule, however, it is necessary that either a statement of facts be filed or findings of fact by the trial judge be included in the transcript, before the sufficiency of the evidence to support an implied or expressed conclusion of the trial judge may be questioned.

It appears from the transcript that this suit was originally filed by C. S. Campbell and that thereafter his widow and administratrix of his estate was substituted as party plaintiff. It was alleged in the petition and in the affidavits controverting the pleas of privilege, that on January 31, 1950, Campbell was riding in a pick-up truck as a guest and passenger of E. O. Smith when the Smith vehicle was struck by a dump truck driven and operated by Ramiro Cedillo; that this collision occurred on U. S. Highway No. 281, about two miles north of the town of George West in Live Oak County; that the dump truck was owned by D. Garza and that the driver thereof, Cedillo, was the employee of the other defendants complained of in the petition, namely, D. Garza and Edward P. Huckman.

By his controverting affidavits, appellee asserted that venue was properly laid in Live Oak County, under the "trespass" clause of Article 1995, § 9, Vernon's Ann. Tex.Civ.Stats. The trial court presumably found in accordance with this theory and overruled the pleas of privilege.

Appellant Huckman's brief contains four points which are argued together and present but one contention, i. e., that the evidence wholly fails to show that Cedillo was the servant of Huckman at the time the collision took place. It is stated in the brief, thusly:

"The questions presented under Appellants' Points 1 to 4 will be determined by the answer to two questions, viz:—Was the driver of the truck owned by defendant D. Garza a servant of the defendant Edward P. Huckman, so that the rule of respondeat superior would render Huckman liable, or was the defendant D. Garza (Cedillo's employer under Huckman's theory) an independent contractor?"

The contention of appellant Huckman cannot be sustained because in the absence of a statement of facts it must be presumed that sufficient evidence was introduced upon the hearing to support the trial judge's implied finding that Cedillo was the servant of Huckman when the collision involved took place. Lane v. Fair Stores, Tex.Sup., 243 S.W.2d 683.

As the appellant D. Garza filed no brief and appellant Huckman's brief discloses no reversible error, the order appealed from is affirmed.