Mirian SHEA et vir, Appellants,

v.

Harry A. YANOF, Appellee.

No. 15051.

Court of Civil Appeals of Texas.
Dallas.

Feb. 10, 1956.

Rehearing Denied March 30, 1956.

Irwin & Irwin, T. K. Irwin, Jr., Dallas, for appellants.

J. Manuel Hoppenstein, and Marvin Lewis, Dallas, for appellee.

CRAMER, Justice.

The parties will be referred to as they were in the trial court. The trial court filed findings of fact and since there was no statement of facts filed with the transcript here, such findings control. They were in substance: Plaintiff Shea pled a personal loan of $697 from her separate funds; that at that time her husband was engaged in a partnership venture with Yanof under the partnership name of Yanof & Shea; that she took from her savings account $697 and at Yanof's request and discretion paid same to the Mercantile National Bank at Dallas to pick up a draft for certain waste disposal units which were delivered to the partnership and thereafter offered for sale by said partnership of Yanof and her husband; that the $697 was the separate funds and estate of Mrs. Shea; *that the $697 was not advanced to Yanof personally but was a loan to the partnership of Yanof & Shea in which Yanof was a partner;* that Yanof owes Mrs. Shea an additional sum of $84 as the result of a transaction concerning Shea's home payments; *that the $697 was not advanced by Mrs. Shea as a contribution to the partnership of Yanof & Shea for herself or on behalf of her husband;* and that neither the $697 nor the $84 has

been paid to Mrs. Shea and both sums are past due.

On such findings the trial court concluded that there was no loan by Mrs. Shea to Yanof personally; that there was no pleading of partnership indebtedness on the alleged loan of $697 for which either of the parties would be liable jointly and severally as members of the partnership; that Mrs. Shea should not recover against Yanof personally the $697 advanced for the disposal units; that such $697 was loaned to the partnership of Yanof & Shea; and that since there was no pleading against the said partnership, plaintiff should not recover this sum; that Mrs. Shea recover the $84 debt from Yanof. On such conclusions the court rendered judgment for Mrs. Shea for $84, plus interest and costs, and denied all other relief; from which judgment Mrs. Shea, joined by her husband, has duly perfected this appeal, here briefing but one point, to wit: Error in the trial court's holding that appellee Yanof, a partner, was not individually liable for a partnership debt when the partnership as such was not named in the pleading and was not sued.

Appellee counters that the trial court correctly entered judgment for Yanof when Mrs. Shea's alleged cause of action was predicated upon an alleged direct loan to Yanof and there were no allegations of any kind or character of a partnership obligation, or even raising the inference that she was suing upon an alleged partnership obligation; and, too, there was a complete variance in the allegations of Shea's petition and the proof as developed on the trial, it being elemental that the proof must correspond with the allegations.

■■ There being no statement of facts or bills of exception in the record before us, we must assume that the evidence supported the trial court's findings of fact. The only question is whether the trial court's conclusions of law and judgment are supported by the court's express findings of fact. Absent a statement of facts or bills of exception, we cannot say the evidence was admitted over a proper objection. Without such showing of such a proper objection, in the trial court, or other proper question thereon raised therein, based on the ground of no pleading to support the evidence, defects in the pleading or objections to the evidence as not being supported by the pleadings, such defects are waived. Montgomery v. Wright, Tex.Civ.App., 268 S.W.2d 506, and cases there cited. See also 23 Tex.Law Review 396, construing Rule 67, V.R.C.P., and cases there cited; as well as Rules 503 and 434, V.R.C.P.

■■ Yanof's liability for the debt here involved was as a member of the partnership of Yanof & Shea; therefore both joint and several. In other words, each partner is liable individually as well as jointly. 32 Tex.Jur. 356, Partnership, sec. 87. The above holding does not bar Yanof from recovery against Mr. Shea individually, or as head of the community, one-half of the debt paid by Yanof.

The finding of fact to the effect that the $697 was not loaned to Yanof personally, but to the partnership, did not bar a recovery by Mrs. Shea for the benefit of her separate estate. Her separate estate was not liable for the individual debts of her husband growing out of his personal partnership with Yanof.

For the reasons stated, appellants' point 1 is sustained and appellee's counter-point 1 is overruled. The judgment of the trial court is reversed and judgment here rendered that Mrs. Shea recover $781 ($697 plus $84), plus interest, costs, etc., against Harry A. Yanof.

Reversed and rendered.