**Tom E. HUNTER, Appellant,**

v.

**Q. D. WEST, Appellee.**

No. 13047.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 12, 1956.

William C. Wright, Laredo, for appellant.

Hall & Hall, Laredo, for appellee.

NORVELL, Justice.

This is an action on a bill of exchange dated March 6, 1953, and drawn by appellant, Tom E. Hunter, against Moises Salcedo. The bill was for the sum of $1,000 payable on September 6, 1953. It was executed in Mexico, D. F., and written in the Spanish language. Hunter was a resident ·of the United States and Salcedo was a Mexican national and. resident.

The liability of Hunter to West, the appellee, is predicated upon an endorsement ·of the bill, dated April 10, 1953, which was actually made in Laredo, Texas, U. S. A., but contained the place designation of "Mexico, D. F." It appeared that Salcedo had refused to pay the bill and judgment was rendered against Hunter, the endorser, and in favor of West.

It is appellant's contention that 'liability upon the endorsement, as well as the period of time within which suit must be brought thereon, is controlled by the laws of Mexico and under such laws the appellant cannot be held liable.

There is no question of appellant's liability under the laws of Texas, and appellee says that it must be assumed, in the absence ·of competent proof that the laws of Mexico are the same as those of Texas. He also asserts that although appellant pleaded the law of Mexico he failed to produce competent proof thereof in the face of appellee's objections.

We must sustain appellee's contention. The pleadings disclose that the Mexican law invoked by appellant was in the form of a written code, and while one of appellant's witnesses made repeated references to this code and apparently had in his possession a tome or volume which he said contained such statutory enactments, it was not shown that such volume was a printed statute book purporting to have been printed under authority of the Mexican government. Neither this volume nor any other documentary evidence was offered. No attempt was made to comply with the provisions of Article 3718, Vernon's Ann.Tex. Civ.Stats., relating to the proof of statutory enactments of sister states and foreign governments.

The prevailing American rule with reference to the proof of a foreign statute is stated in American Jurisprudence as fol· lows:

"The law of a sister state or a foreign country, when in issue, is a matter of fact which must be proved, as any other matter of fact, by the best evidence obtainable. Unwritten foreign laws may be proved by the evidence of witnesses who are competent to testify on the question. Thus, the common law of another state may be proved by the testimony of lawyers, jurists, and others who are shown to have knowledge of such laws. Such evidence is regarded as the best evidence under the circumstances. With respect, however, to proof of written foreign laws, parol proof is objectionable, for the written law itself is the best evidence. According to the weight of authority, when a foreign statute is involved, the best evidence rule requires that it be proved by a duly authenticated copy of the statute." 20 Am.Jur. 371, Evidence, § 413.

This rule is followed in Texas. Bryant v. Kelton, 1 Tex. 434; Martin v. Payne, 11 Tex. 292; Mexican Nat. R. Co. v. Ware, Tex.Civ.App., 60 S.W. 343; Vickers v. Faubion, Tex.Civ.App., 224 S.W. 803; 17 Tex.Jur. 764, §§ 337, 338.

The judgment is affirmed.