Joe AMBERSON, Sr., and Joe Amberson, Jr., Appellants,

v.

A. C. WHEELER and John Easton, Appellees.

No. 13322.

Court of Civil Appeals of Texas.

San Antonio.

March 26, 1958.

Rehearing Denied April 23, 1958.

T. Kellis Dibrell, Dibrell, Gardner & Dotson, San Antonio, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellants.

O. Kennedy, Beeville, for appellees.

W. O. MURRAY, Chief Justice.

■ This is an appeal from an order of the District Court of Bee County, signed on November 16, 1957, overruling pleas of privilege filed by Joe Amberson, Sr., and Joe Amberson, Jr. The transcript was filed in this Court on December 4, 1957, which was within the twenty-day period allowed for such filing, under the provisions of Rule 385, Texas Rules of Civil Procedure. On December 12, 1957, appellants filed a motion for an enlargement of time for filing the statement of facts. This motion was filed on the twenty-sixth day after the order appealed from was signed, which was one day late, under the provisions of Rule 385, supra, but this fact escaped our attention, and on December 23, 1957, we granted appellants' motion and extended the time for the filing of the statement of facts until December 31, 1957. The statement of facts was tendered and filed on December 31st. We were without authority to grant this extension of time, under the provisions of Rules Nos. 5 and 385, T.R.C.P., and therefore the statement of facts was never properly filed in this Court and cannot now be considered by us. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956; Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Texas State Bank of Alice v. John F. Grant Lumber Co., Tex.Civ.App., 169 S.W. 2d 224.

■ On December 17, 1957, appellees filed a motion to dismiss the appeal, which was overruled by us on December 30, 1957. The transcript was properly filed in this Court and this alone was sufficient to give jurisdiction of the case. Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Darden v. Davies, Tex.Civ.App., 217 S.W. 2d 892; Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208; Huckman v. Campbell, Tex.Civ.App., 255 S.W.2d 591.

■ Appellees have not filed a motion to strike the statement of facts, but this cannot be taken as a waiver of the fact that the statement of facts was improperly filed. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148.

Appellants present but one point, to the effect that the court erred in holding that

Bee County had venue of this suit under Subdivision 5 of Art. 1995, Vernon's Ann. Civ.Stats., relating to written contracts expressly performable in the county of suit.

In the absence of a statement of facts, we must presume that the appellees introduced sufficient evidence to sustain the judgment of the trial court.

■ It is true that appellees alleged that they were suing upon a written contract and attached a copy thereof to their petition. The attached contract does not provide that appellees were to be paid any commission, and certainly not in Bee County. However, appellees further alleged that the contract relied upon by them consists, among other things, of letters written by the parties. We have no way of knowing whether these letters contain an agreement to pay appellees a commission in Bee County. In support of the trial court's judgment, we must presume that these letters were introduced in evidence and that they did contain such a provision. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Huckman v. Campbell, Tex.Civ.App., 255 S.W.2d 591.

■ The trial court had jurisdiction of the parties and subject matter, the order, on its face, is regular in all essential respects, and is one the court had the power to render under the pleadings. In the absence of findings of fact and of a statement of facts, we must conclusively presume that the evidence introduced at the trial fully supported the order rendered by the trial court. Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669; Shea v. Yanof, Tex.Civ.App., 288 S.W.2d 575; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Jennings v. Fredericks, Tex.Civ.App., 190 S.W.2d 707.

The order overruling the pleas of privilege is affirmed.