J. R. CANION, Sr., et al., Appellants,

v.

COUNTY OF JACKSON et al., Appellees.

No. 845.

Court of Civil Appeals of Texas,
Corpus Christi.

March 29, 1974.

Rehearing Denied April 18, 1974.

Leonard L. Franklin, Austin, for appellants.

Tom Garner, Jr., Rhodes & Garner, Port Lavaca, for appellees.

## OPINION

YOUNG, Justice.

This is a venue case. The County of Jackson, George Fred Rhodes and Milton A. Seale filed suit in the district court in Jackson County, Texas, against J. R. Canion, Sr. and J. R. Canion, Jr., doing business as Austin Paving Company, a partnership. The action was brought pursuant to the Texas Declaratory Judgments Act, Art. 2524–1, Vernon's Ann.Civ.St., seeking a declaration of the plaintiffs' rights and enforcement thereof under and by authority of a certain arbitration award. Defendants filed a plea of privilege to be sued in Travis County, Texas, the county of their residence. Plaintiffs sought to maintain venue in Jackson County under Subdivision 5, Art. 1995, V.A.C.S.

After a non-jury hearing, the trial court overruled the defendants' plea. The defendants have appealed.

In the judgment entered by the trial court there are these recitals:

". . . the Court having examined the pleadings of the parties, heard the

evidence in support of Plaintiff's controverting plea, there being no evidence submitted by Defendants, other than its verified plea of privilege, and having heard argument of counsel, the Court being of the opinion that Plaintiff's suit is founded upon a written agreement performable in Jackson County, Texas, within the scope of Subdivision 5, Article 1995, VATS; . . ."

By a single point of error, the appellants contend that the trial court erred in concluding that the appellees' suit is founded on a written agreement performable in Jackson County, Texas.

We note that there is no statement of facts in the record. In the absence of a statement of facts, we must presume that the appellees introduced sufficient evidence to support the trial court's judgment. Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82 (1955); Piano v. Gulf Coast Investment Corporation, 429 S.W.2d 554, 555 (Tex.Civ.App.—Houston 14th Dist. 1968, dism'd); Amberson v. Wheeler, 312 S.W. 2d 438, 440 (Tex.Civ.App.—San Antonio 1958, n. w. h.).

The subject contract between the parties was properly before the trial court but it was not brought forward by the appellants for our inspection and review. It was not attached to the appellees' petition. The trial court's judgment recites that: ". . . that Plaintiff's suit is founded upon a written agreement performable in Jackson County, Texas, within the scope of Subdivision 5, . . ." There is nothing here to test appellants' point of error. We, therefore, must presume that there was a provision in the contract for performance in Jackson County that would sustain the trial court's judgment. *Mays; Piano; Amberson*, supra. Appellants' point is overruled.

The judgment of the trial court is affirmed.