Esperanza GUTIERREZ, Appellant,

v.

Edward R. COLLINS, Appellee.

No. 6747.

Court of Civil Appeals of Texas, El Paso.

July 19, 1978.

Rehearing Denied Aug. 16, 1978.

**102**

Sam J. Dwyer, Jr., El Paso, for appellant.

Dudley & Dudley, William C. Dudley, Paul W. Dudley, El Paso, for appellee.

OPINION

WARD, Justice.

Plaintiff brought suit in El Paso for her damages for personal injuries received in an automobile accident that occurred in Zaragosa, State of Chihuahua, Mexico. This appeal is from the action of the trial Court in sustaining the Defendant's plea to the jurisdiction of the Court because of the dissimilarity of the Mexican laws. We affirm.

Esperanza Gutierrez alleged that, while riding as a passenger in an automobile, she was struck by a vehicle which was driven by the Defendant Edward R. Collins. She alleged that both she and the Defendant were residents of El Paso, and that the accident occurred December 25, 1973, on a public street in Zaragosa, State of Chihuahua, Republic of Mexico, as the result of the negligence of the Defendant. She further alleged that as a result of her injuries, she suffered pain and suffering and a loss of earning capacity, and, according to supplemental pleadings, she cited various Articles of the Mexican Labor Law Section of the Federal Code of the Republic of Mexico under which her loss of wages could be computed, and an Article of the Civil Code of the State of Chihuahua by which she would be entitled to compensation as moral reparations which would be in lieu of damages for her pain and suffering. The Defendant filed his plea to the jurisdiction and alleged that the laws of the State of Chihuahua and of the Republic of Mexico were so dissimilar to the laws of this State that they could not be enforced, and that the cause of action should be dismissed. Hearing was held on the motion to dismiss, and the Defendant there offered the testimony of a practicing attorney from Juarez, Mexico, who qualified as an expert and who described the applicable laws of the Republic of Mexico and the State of Chihuahua which would control the recovery for loss of wages and for moral reparations. As pointed out, the trial Court sustained the Defendant's plea to the jurisdiction and dismissed the cause of action.

The Plaintiff's first point is that the Court erred in permitting the testimony of the Mexican attorney as proof of the statutory laws of Mexico covering the damages recoverable, the argument being made that such laws of another nation may not be proved by the parol testimony of lawyers. *Garza v. Greyhound Lines, Inc.,* 418 S.W.2d 595 (Tex.Civ.App.—San Antonio 1967, no writ); *Hunter v. West,* 293 S.W.2d 686 (Tex.Civ.App.—San Antonio 1956, no writ). The point is overruled as the statement of facts notes that two of the Defendant's exhibits were the Mexican Labor Law Volume and the Civil Code and Code of Civil Procedure for the State of Chihuahua, and they were a part of the record before the trial Court. They are not a part of the present statement of facts. They were considered by the trial Court without objection. In the absence of a complete statement of facts, it must be presumed that the evidence was sufficient to support the trial Court's judgment. *Canion v. County of Jackson,* 507 S.W.2d 814 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Plaintiff next asserts that the trial Court was in error in dismissing the cause of action on the ground that the trial Court lacked jurisdiction. The Plaintiff is correct in her assertion that the matter presented to the trial Court is not a question of true jurisdiction in the sense that it may be raised for the first time on appeal. *Flaiz v. Moore,* 359 S.W.2d 872 at 875 (Tex.1962). Words aside, the principle involved is that the dissimilarity doctrine, as established in this State at the time this case arose, required the trial Court to dismiss any negligence suit that arose in Mexico where the proof established that the laws of that place of injury were such that they could not be enforced in Texas. *Carter v. Tillery,* 257 S.W.2d 465 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.). The point is overruled.

The Plaintiff's final points are an appeal that we abolish the dissimilarity doctrine in favor of the most significant contacts approach, as the latter would be most appropriate to the present cause of action between two Texas residents, and in partic-

ular to this Plaintiff who otherwise will probably be without any relief. Regardless of the merits of the Plaintiff's argument, this intermediate Court must decline the invitation until directed to the contrary by our Supreme Court. *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968). Finally, we refuse to consider the application of the 1975 amendment to Article 4678, Tex.Rev.Civ.Stat.Ann., to this 1973 cause of action. The Statute will not be given retroactive effect. *Cass v. Estate of McFarland,* 564 S.W.2d 107 (Tex.Civ.App.—El Paso 1978, no writ). The last points are overruled.

The judgment of the trial Court is affirmed.